IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNE MCNICHOL | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  22-2990 |
| | : | |
| UNITED STATES OF AMERICA | : | |

# MEMORANDUM

**MURPHY, J.**                                                                                              October 24, 2023

This is a negligence case arising from a car crash.  After the accident, the injured plaintiff ultimately chose not to pursue employment.  Yet she seeks damages for lost wages and lost earning capacity.  Defendant wants us to entirely foreclose those categories of damages as a matter of law because of plaintiff's choices.  But whether framed as a question of causation or a question of mitigation — defendant tries both — the answer is "no" because the plaintiff adduced evidence that, notwithstanding her choices, the accident caused at least some of the lost wages and lost income potential.  Defendant's motion for partial summary judgment is denied.

**I.     Background**[1]

On November 21, 2019, Ms. McNichol was backing out of her driveway in her truck when she collided with a moving United States Postal Service[2] mail truck.  DI 21-1 ¶¶ 1, 5-7, 9-10.  She sued the government and seeks compensation for her injuries, including damages for lost wages and lost earning capacity.

Before the accident, Ms. McNichol was a seasonal employee at Garrett Liners, Inc. in a

---

[1] Because this is the government's motion for partial summary judgment, we rely on the government's facts where undisputed and otherwise rely on Ms. McNichol's facts.

[2] This case is brought under the limited waiver of sovereign immunity provided by the Federal Tort Claims Act.

job that required physical labor. *Id.* ¶¶ 25, 27. She had worked there since at least 2005. *Id.* ¶ 26. In between seasons, she was laid off and received unemployment compensation from the Commonwealth of Pennsylvania. *Id.* ¶ 31. After the accident, she would typically have returned to work in April 2020. *Id.* ¶ 33. But she did not return to work until July 2020, in part because of the COVID-19 pandemic and in part because of her injuries from the accident. *Id.* ¶ 34; DI 22-3 ¶ 34.

Ms. McNichol worked at Garrett Liners from July 5, 2020 through October 15, 2020, but it was in a light-duty job because of her injuries from the accident. DI 21-1 ¶¶ 35-36. Her wages dropped by about $1,000 from 2019 to 2020. *Id.* ¶ 39. She was laid off, as usual, in October 2020 and went back on unemployment. *Id.* ¶ 40.

In March 2021, the vice-president of Garrett Liners called Ms. McNichol to ask what her plans were, and she told him that she could not come back because she was not able to physically do the job. DI 22-5 at 17-18 (ECF)[3]. She did not ask anyone at Garrett Liners for a reasonable accommodation or ask for a different type of job. DI 21-1 ¶ 47. Although the deposition transcript is somewhat unclear, for purposes of summary judgment, we adopt Ms. McNichol's reading of the testimony that there was not a "light duty" position available for Ms. McNichol. DI 22-3 ¶ 48. The Social Security Administration found that Ms. McNichol was disabled as a result of the accident. *Id.* ¶ 51. Ms. McNichol's vocational expert in this case testified that she would be capable of light strength work with limitations on vertical reaching. DI 21-1 ¶ 56. Ms. McNichol remains unemployed and has sought no other work. *Id.* ¶ 57.

On that record, the government moves for partial summary judgment that Ms. McNichol

---

[3] We use the pagination of the CM/ECF docketing system.

cannot obtain damages for lost wages or lost income potential. The government argues that any lost wages and lost income potential are entirely her own fault for not pursuing employment, and therefore Ms. McNichol will not be able to establish that the accident caused her lost wages and lost income potential. DI 21 at 5-8. Using similar logic under a different legal theory, the government also argues that Ms. McNichol cannot recover damages because she failed to mitigate her losses by seeking employment. *Id.* at 8-10. Ms. McNichol responds by relying on a medical expert who links the accident to her injuries, and a vocational expert who related the injuries to her work limitations. DI 22-1 at 5. Ms. McNichol adds that she is not suggesting that the accident was the sole cause of her lost wages and lost earning capacity, merely a cause sufficient to warrant recovery. *Id* at 6-7. And Ms. McNichol further argues that although failure to mitigate may reduce her damages, it should not obviate them because, as a matter of law, she was not required to seek work. *Id*.

## II.     Analysis

The government seeks partial summary judgment, and "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Id.*

The movant bears the initial burden of demonstrating the absence of a genuine dispute of a material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). When the movant is the defendant, it has the burden of demonstrating that the plaintiff "has failed to

establish one or more essential elements of her case." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013). If the movant sustains its initial burden, "the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (cleaned up). We do not weigh the evidence, and we construe the facts and inferences in the light most favorable to the non-moving party. *Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 140 (3d Cir. 2001). But "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Under Pennsylvania law, negligence requires: "(1) a duty owed to the [plaintiff]; (2) a breach of that duty by the defendant; (3) a causal connection between the defendant's breach and the resulting injury; and (4) injury suffered by the plaintiff." *Est. of Zimmerman v. Se. Pa. Transp. Auth.*, 168 F.3d 680, 684 (3d Cir. 1999) (cleaned up) (citing *Est. of Swift v. Ne. Hosp. of Phila.*, 690 A.2d 719, 722 (Pa. Super. Ct. 1997)). There can be more than one cause of an injury. But when a defendant's breach of duty precedes an accident, a plaintiff must show that the injury would not have occurred but for the accident — actual cause — and that the accident was a substantial factor in bringing about the harm — proximate cause. *Redland Soccer Club, Inc. v. Dep't of Army*, 55 F.3d 827, 851 (3d Cir. 1995).

Here, the government argues that the cause of Ms. McNichol's lost wages and earning potential was not the accident, but rather the COVID-19 pandemic and Ms. McNichol's choice not to work. And if it could be shown that the record reflected that the accident had nothing — or perhaps very little — to do with the lost wages and earning potential, we might agree. But we

4

agree with Ms. McNichol that there is at least a genuine dispute of material fact as to causation of those harms, because her injuries are arguably part of the reason she is unable to earn as much money as she could before the accident. The government advanced no legal authority saying that a causal connection to lost wages and earning potential cannot be maintained by an injured worker who declines to obtain or seek work, and we do not see why that should be the rule.

Turning to mitigation, the parties seem to agree that the concept plays a role in this case. Both point to the Pennsylvania Suggested Standard Civil Jury Instructions, which include the following general instruction for mitigation of damages:

> As I have explained before, if you find [name of defendant]'s negligence caused [name of plaintiff] harm, you must then determine an amount of money damages you find will fairly and adequately compensate [name of plaintiff] for all the physical and financial harm [he] [she] [they] [has] [have] sustained as a result.
>
> [Generally]
>
> A person harmed has a duty to make reasonable efforts to mitigate or in other words, reduce their damages without unreasonable risk, expense, or humiliation. [Name of defendant] has the burden to prove that [name of plaintiff] did not make reasonable efforts to reduce [his] [her] [their] damages.
>
> If you find [name of plaintiff] could have avoided certain damages without unreasonable risk, expense, or humiliation, [he] [she] [they] [is] [are] not entitled to receive damages for that harm.

Pa.S.S.J.I (Civ.) 7.1000 (5th ed. 2020). The instruction was derived from, among other things, the Restatement (Second) of Torts, which states:

> (1) Except as stated in Subsection (2), one injured by the tort of another is not entitled to recover damages for any harm that he could have avoided by the use of reasonable effort or expenditure after the commission of the tort.

Restatement (Second) of Torts § 918 (1979).

The general principle at work here is that a person injured by negligence of another is

5

responsible for taking reasonable steps to limit the harm.[4] So in a lost-earning-potential situation, if the injured plaintiff could have easily obtained a light-duty job, then presumably plaintiff cannot recover the wages of that light-duty job — only the difference in value between the light-duty job and the plaintiff's old job that they can no longer do. But whether called "mitigation" or not, that concept must be captured in any proper lost wages or lost-earning-potential damages model. Because that's what damages do — they "place the plaintiff in the same economic position as would have been [hers] if the injury had not occurred." *Barnes v. United States*, 685 F.2d 66, 69 (3d Cir. 1982) (quoting *Russell v. City of Wildwood*, 428 F.2d 1176, 1181 (3d Cir. 1970)). That is likely why the government had trouble identifying much in the way of authority on the applicability of mitigation to lost wages or earning capacity in negligence cases.[5] And, although it seems conceivable that, in the right case, lost wages or lost earning potential could be entirely foreclosed by a plaintiff's decision not to seek any work, the government has advanced no authority requiring that outcome here.

---

[4] For example, as illustrated by one of the cases cited by the government, if you sue your dentist for malpractice, but you waited eighteen months to see the recommended oral surgeon, that might count against you. *Williams v. Benshetrit*, 2022 WL 138007, at *9 (E.D. Pa. Jan. 14, 2022).

[5] Troublingly, the government cited to the Superior Court's decision in *Cooper v. Burns*, with the parenthetical "(affirming trial court's instruction to the jury that 'if the Plaintiff is capable of working, she cannot sit back and incur lost wages')." DI 21 at 8 (*citing Cooper v. Burns*, 545 A.2d 935, 938 (Pa. Super. Ct. 1988)). Actually, in *Cooper*, the appellant argued that the trial court erred by "refusing to charge the jury" as quoted, and the Superior Court **disagreed**, holding that "[t]here is in the jury instructions no error requiring the grant of a new trial." 545 A.2d at 938. *Stultz v. Reese Bros., Inc.*, 835 A.2d 754 (Pa. Super. Ct. 2003), cited by the government, is an employment discrimination case — and the government itself denigrated the relevance of employment discrimination cases. DI 23 at 3. And in *Davis v. United States*, which contains no explanation of how mitigation should be applied in negligence cases, the court found that the plaintiff could return to the ***same*** job he had before, i.e., his job was light-duty to begin with. 1995 WL 299014, at *5-6 (E.D. Pa. May 16, 1995).

Ultimately, although the government's motion flags some important issues for trial, there is no basis for us to enter summary judgment.

## III. Conclusion

For the reasons stated above, the government's motion is denied.